MARILYN MARIE SMITH,              :        CIVIL ACTION NO. **1:CV-13-0336**
                                  :
            Plaintiff             :
                                  :        (Judge Conner)
            v.                    :
                                  :        (Magistrate Judge Blewitt)
DEPARTMENT OF DEFENSE, *et al.,*  :
                                  :
                                  :
            Defendants            :

## REPORT AND RECOMMENDATION

### I.      Background.

On February 8, 2013, Plaintiff, Marilyn Marie Smith,  a resident at 1719 North 5th Street, Harrisburg, Dauphin County, Pennsylvania, 17102, filed, *pro se,* a 4-page handwritten Complaint alleging that she wrote a letter to her supervisor, Andrew Simpson, when she was employed by the Defendant Defense Logistics Agency ("DLA") at the Defense Distribution Center, Susquehanna, PA, located at  2001 Mission Drive, New Cumberland, Pennsylvania, 17070, and complained about another female employee, Carrie Lemelle,  regarding "a pattern of undesirable behavior" that "was repeatedly exhibited by the employee [Carrie Lemelle]  and a single incident of misconduct."[1] (Doc. 1, p. 1).  Plaintiff also seemed to state that both she and the other female employee, Carrie

---

[1] The Clerk of Court listed on the docket in Plaintiff's action that Defense Logistics Agency and the Defense Distribution Center, Susquehanna, PA, were two separate Defendants.  We read Plaintiff's Complaint to indicate that Defendant Defense Logistics Agency at the Defense Distribution Center, Susquehanna, PA, was one Defendant.  Regardless, in our February 19, 2013 Order, Doc. 4, we directed Plaintiff to amend her Complaint since her original Complaint was clearly insufficient to state any federal claim and we noted that Plaintiff could clarify her Defendants in her amended pleading.

Lemelle, "signed the admonished (sic) letter [and] she had incident of harrassment (sic) three that all be recalled (sic)." Plaintiff further stated that Defendants Department of Defense ("DOD"), Robert M. Gates, and "Defense Logistics Agency Defense Distribution Center[,] Susquehanna[,] PA[,] violated employee rights and civil rights." (*Id.*).

Thus, while Plaintiff's Complaint was largely unintelligible, it seemed Plaintiff alleged that during her prior federal employment with DLA, she had a misunderstanding with another woman who worked at DLA, namely, Carrie Lemelle, and that she then complained to Simpson about the pattern of harassing behavior exhibited towards her by Carrie Lemelle. Subsequently, it appeared that both Plaintiff and Carrie Lemelle were issued a letter of admonishment by DLA for misconduct and that they both signed the letter. It then seemed that Plaintiff was accused of striking the other woman, Carrie Lemelle, since Plaintiff stated that she "did not strike anyone in that era (sic)" and that her family members did not strike anyone. It also appeared that Plaintiff was terminated from her employment with DLA. (*Id.*, pp. 1-4). Further, Plaintiff stated at the end of her original Complaint, "Momma Luk" and "not being aware of the vow and the Church until today." (Id., p. 4).

Additionally, Plaintiff alleged as follows:

in my pass (sic) employment [I] as peace maker did not hold something that was misunderstood that was not correct among a co-worker. If [I] had a misunderstanding with a co-worker[,] it was worked out because sometimes women just don[']t like other women being aware of a person who dislike stay away as [I] did.

(*Id.*, p. 2).

Thus, Plaintiff seemed to claim that she was wrongfully terminated from her federal employment at DLA by Defendants and she requested as relief seven million dollars in damages. (*Id.*, pp. 1-4).

In her original Complaint, Plaintiff did not give any time frames with respect to her federal employment claims and her civil rights claims. Nor did Plaintiff state the personal involvement of any Defendant with respect to her claims. Further, Plaintiff did not cite to any federal statute regarding her employment claims and she did not cite to any constitutional rights with respect to her claim that her civil rights were violated.

Plaintiff also filed a form Motion to proceed *in forma pauperis*. (Doc. 2).

Plaintiff did not submit a Civil Cover Sheet when she filed her Complaint. The Clerk of Court indicated on the docket that this Court's jurisdiction over Plaintiff's case was based upon a federal question under 28 U.S.C. §1331.[2] It seemed that Plaintiff's causes of action were wrongful termination of her federal employment as well as violations of her constitutional rights.

As mentioned, Plaintiff is proceeding *pro se* and she filed an Application for Leave to Proceed *in forma pauperis*. (Doc. 2). Plaintiff indicated that she was not employed. Plaintiff also indicated that during the past twelve months she received "Pensions, annuities or life insurance payments." Plaintiff did not state which such payment or payments she received and the amount of this payment(s). Plaintiff indicated she owns a 2001 Ford Escort but she fails to state the

---

[2]Plaintiff's instant action falls within 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of <u>all</u> civil actions arising under the Constitution, laws or treaties of the United States." (Emphasis added).

approximate value of her car as was requested on the form. Finally, Plaintiff stated in response to question number 7 of the Doc. 2 form that her only debt in terms of a mortgage, credit card and student loan was a $56,518.00 mortgage. However, this response of Plaintiff to question number 7 appeared to be inconsistent with her response to question number 4 of the form which asked Plaintiff if she owned any real estate, stocks, bonds, notes, automobiles, or other valuable property, and Plaintiff only listed her car. Additionally, Plaintiff did not state the fair market value of her real estate which was encumbered by the mortgage and how much equity, if any, she had in the real estate.

We then screened Plaintiff's original Complaint and her Application for Leave to Proceed *in forma pauperis*. We found both documents to be deficient. Thus, on February 19, 2013, we issued a Memorandum and Order detailing the deficiencies of Plaintiff's original Complaint and her Application for Leave to Proceed *in forma pauperis* and, we directed Plaintiff to file an Amended Complaint within fifteen (15) days of the date of this Order. We also directed Plaintiff to file a supplemental Motion to Proceed *in forma pauperis* within fifteen (15) days of the date of this Order. (Doc. 4).

We stated in our Doc. 4 Order, that to decide her *in forma pauperis* Motion, Plaintiff must provide the following information: (1) the amount of money Plaintiff received from pensions, annuities or life insurance payments over the past twelve months; (2) a copy of Plaintiff's 2010 and 2011 (if filed) federal income tax returns; (3) the value of Plaintiff 's car; and (4) the fair market value of her real estate which is encumbered by the mortgage and how much equity, if any, she has in the real estate. We also directed the Clerk of Court to send Plaintiff a new form *in forma*

*pauperis* application to complete.

We afforded Plaintiff fifteen (15) days from the date of our Doc. 4 Order to file her supplemental application to proceed *in forma pauperis*. We stated that the failure of Plaintiff to comply with this Order as specified above would result in a recommendation of dismissal of her case.

With respect to Plaintiff's original Complaint, we found that it was also deficient. As stated, Plaintiff's Complaint consisted of only four (4) handwritten pages. Plaintiff's Complaint was not yet served on Defendants and the Court did not yet ruled on her Motion to proceed *in forma pauperis*. As mentioned, we found that Plaintiff invoked the jurisdiction of this Court based upon federal question, 28 U.S.C. § 1331, since her original Complaint alleged wrongful termination of her federal employment and violations of her civil rights.

We liberally construed the *pro se* Plaintiff's original Complaint and found that Plaintiff had not sufficiently stated a federal employment claim or a constitutional claim. In fact, we stated that it was not clear if Plaintiff was attempting to raise a claim under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, or the Civil Service Reform Act ("CSRA"), 5 U.S.C. §3318; and, 5 U.S.C. §2301.

Thus, in our Doc. 4 Order, we directed Plaintiff Smith to file an Amended Complaint within fifteen (15) days of the date of this Order. We specifically advised Plaintiff that Federal Rule of Civil Procedure 8(a) required that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader. We told Plaintiff

that in order to comply with Rule 8, a Complaint must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer. *Frazier v. Southeastern Pennsylvania Transp. Auth.*, 785 F.2d 65, 68 (3d Cir. 1986). We then stated that under even the most liberal construction, Plaintiff's original Complaint was in clear violation of Rule 8. It did not give Defendants fair notice of what Plaintiff's claims against them were and the grounds upon which it rested. We further told Plaintiff that her original Complaint was not in conformity with Rule 8 of the Federal Rules of Civil Procedure, and that it did not set forth in brief, concise, and understandable terms the personal conduct of Defendants about which Plaintiff was complaining.

We reminded Plaintiff that her "amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). We stated that Plaintiff's amended complaint must be "simple, concise, and direct" as required by the Rules of Civil Procedure. *See*, Fed.R.Civ.P. 8(e)(1).

Finally, we stated that if Plaintiff failed, within the applicable time period, to file an amended complaint adhering to the standards set forth above, we would recommend that her action be dismissed. (Doc. 4).

On March 11, 2013, Plaintiff filed a 5-page handwritten document with the caption and civil number of this case on her cover sheet. (**Doc. 5**). Plaintiff indicates that her Defendants are Department of Defense, "Sec." Robert M. Gates and Defense Distribution Center Susquehanna

Pa.[3]

We construe Plaintiff's Doc. 5 filing as her Amended Complaint.  Plaintiff failed to file her supplemental application to proceed *in forma pauperis* as we directed in our Doc. 4 Order.  Also, Plaintiff did not request an extension of time to file her supplemental application to proceed *in forma pauperis* and she did not explain her failure to abide by our Doc. 4 Order.  We now screen Plaintiff's Doc. 5 Amended Complaint in conjunction with her original Complaint since neither document is a proper pleading.

We have been assigned Plaintiff's case for pre-trial matters.

**II.     Screening of *Pro Se* Complaints–Standard of Review.**

As stated, Plaintiff filed a Motion to Proceed *in forma pauperis* in this case.  (Doc. 2).  For present screening purposes, we shall recommend that the Court, in its discretion, grant Plaintiff's *in forma pauperis* Motion.

Because we will recommend that Plaintiff's Motion to Proceed *in forma pauperis* be granted, we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though she is not an inmate and she does not complain about prison conditions.  Section 1915(e) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

---

[3]We note that the present Department of Defense Secretary is Charles "Chuck" Hagel.

In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6,

the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal  - -
>>> (i)      is frivolous or malicious;
>>> (ii)     fails to state a claim on which relief may be granted; or
>>> (iii)    seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); § 1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-*

*Maynard v. ENT Surgical Associates*, Civil No.  09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes

to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350

Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

**III.     Motion to Dismiss Standard.**

In *Reisinger v. Luzerne County*, 712 F. Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,*[556 U.S. 662], 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir. 2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [*Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do

more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*
*Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly,* 550 U.S. at 555) (not precedential).

## IV.    Allegations of Amended Complaint (Doc. 5).

Since we have detailed the allegations of Plaintiff in her original Complaint above, we do not repeat them here. Initially, we find, as we did with her original Complaint, that Plaintiff Smith's Amended Complaint does not comport with Fed.R.Civ.P. 8 federal pleading requirements.  We note that if Plaintiff intended her Doc. 5 filing, with no title,  to be her Amended Complaint, she has again failed to submit it in the proper format based on Federal Rule of Civil Procedure 8(a) which requires that a complaint contain a short and plain statement setting forth: (1) the grounds upon which the court's jurisdiction rests; (2) the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief sought by the pleader.  *See Burke v. Twp. of Cheltenham,* 742 F.Supp.2d 660, 667 (E.D. Pa. 2010)("Factual allegations must be enough to raise a right to relief above the speculative level ... .")(quoting *Twombly,* 550 U.S. at 555, 127 S.Ct. 1955).  As stated above, in our Doc. 4 Memorandum and Order, we specifically instructed Plaintiff how to conform her Amended Complaint to Rule 8.

In her Amended Complaint, Plaintiff Smith, for the most part, simply states three (3) pages of "Fact" followed by a sentence seemingly referring to alleged events which occurred during her prior employment with the Defense Distribution Center, Susquehanna, PA.   (Doc. 5, pp. 2-4). Plaintiff's last page to her Amended Complaint is a section entitled "Comments" and it consists of four sentences which are difficult to understand and do not seem to relate to her claims in this case, such as, "Plaintiff['s] brother William Smith still emprisoned (sic) based upon a practice." (Doc. 5, p. 5).     Plaintiff's 18 unnumbered so-called "Fact[s]" cover a time period during her prior employment with the New Cumberland Distribution Center from January 16, 2007 through August 8, 2008.  As stated, Plaintiff filed her original Complaint in this case on February 8, 2013. As discussed below, it is clear that all of Plaintiff's present claims are time barred.

Plaintiff seems to aver that in January 2007, while she was employed at the New Cumberland Distribution Center, Susquehanna, PA, she  was accused of engaging in "violate [violent] acts" against a co-worker named Carrie Lemelle   and that she had to write an incident report for her supervisory Andrew Simpson.[4]   Plaintiff states that "she was not violent [and] never made an attempt to cause harm to Carrie Lemelle at all.  Nor [did Plaintiff make] an attempt to attack [Lemelle]." Further, Plaintiff states that at her work area, Lemelle confronted her.  (*Id.*, pp. 3-4).

Plaintiff states that the Administration Office at the New Cumberland Distribution Center directed Simpson and Manager Greg Palese conduct an investigation and to schedule a hearing on

---

[4]We again note that the "Facts" stated in Plaintiff's Amended Complaint are very difficult to understand and they do not appear to be in any chronological order.  We attempt to put Plaintiff's "Facts" in chronological order.

the disorderly conduct incident report involving Plaintiff and Lemelle.

Plaintiff avers Simpson stated that Lemelle's production was "hirer (sic) [higher]" than Plaintiff's and that on February 28, 2007, Simpson gave Plaintiff an evaluation of minimum satisfactory reviews. (*Id.*, p. 2).

Plaintiff states that on April 8, 2008, she was advised that she did not exhaust her administrative remedies. (*Id.*, p. 2).

Plaintiff states that on August 8, 2008, an "ADR hearing" was held in the office of James Campbell, the Union Representative. Simpson and Palese were the mediators, and Plaintiff was present at the hearing along with Daryl Green.

It appears that subsequently, Plaintiff was terminated from her employment at the New Cumberland Distribution Center, Susquehanna, PA.

Plaintiff also alleges that during her employment at the New Cumberland Distribution Center, unbeknownst to Simpson and Palese, fellow employee Bryn Ward, in his "manlyness (sic)" told her to shut up one time, and that Ward intimidated her "in his disorderly conduct." Plaintiff also states that Ward "was hostile and threatening in his demeanor if it was a discriminating practice (sic)." Plaintiff further avers that "Bryn Ward['s] out right conduct was hostile toward [Plaintiff] in violation of employee rights." (*Id.*, p. 4).

## V. Discussion.

Initially, we find that any claims Plaintiff is construed as raising in both her pleadings (Docs. 1 & 5) are clearly time barred. The applicable statute of limitations in a civil rights action in Pennsylvania is two years. As stated, Plaintiff's original Complaint did not contain any dates

regarding the allegations stated therein. We pointed out this deficiency in our Doc. 4 Memorandum and Plaintiff's Amended Complaint contains the dates with respect to her allegations. We find that the latest date stated in Plaintiff's Amended Complaint is August 8, 2008, which was 4 ½ years before Plaintiff originally commenced this case. In our Doc. 4 Memorandum, we found that Plaintiff Smith alleged, in her original Complaint (Doc. 1), that Defendants violated her civil rights in addition to her rights as a federal employee due to her wrongful termination from the New Cumberland Distribution Center. We also stated that to the extent Plaintiff raised constitutional claims against a federal official seeking damages, her Complaint was, in part, a *Bivens* action under 28 U.S.C. §1331.[5] In her Doc. 5 Amended Complaint, Plaintiff did not state that any of her constitutional rights were violated by any federal officials. Rather, Plaintiff alleges that Bryn Ward intimidated her and, engaged in a hostile and threatening demeanor towards her in violations of her "employee rights." Nonetheless, we find that all of Plaintiff's constitutional claims under *Bivens*, §1331, to the extent she is deemed as raising any such claims, are time barred. We also find that Plaintiff fails to state any cognizable constitutional claims in her pleadings.

As mentioned, there is a 2-year statute of limitations with respect to a §1983 civil rights action in Pennsylvania. See *Bougher v. University of Pittsburgh*, 882 F. 2d 74, 78-79 (3d Cir. 1989); *Fitzgerald v. Larson*, 769 F. 2d 160, 162 (3d Cir. 1985). In Pennsylvania, the 2-year statute of limitations with respect to a §1983 civil rights action applies to *Bivens* claims. *See Mishra v. Nolan*,

---

[5]This is a *Bivens* action insofar as Plaintiff is deemed as seeking monetary damages from federal officials for alleged violations of her constitutional rights. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

187 Fed.Appx. 136 (3d Cir. 2006); *Napier v. Thirty or More Unidentified Federal Agents,* 885 F.2d 1080, 1088 n. 3 (3d Cir. 1988). Further, under Pennsylvania's discovery rule, the statute of limitations begins to run when the Plaintiff has discovered her injury or, in the exercise of reasonable diligence, should have discovered her injury. *Doe v. Kohn, Nast & Graf, P.C.*, 866 F. Supp. 190 (E.D. Pa. 1994). It is abundantly clear in the present case, and readily apparent from Plaintiff's Amended Complaint, that she discovered, or should have discovered, any of her constitutional claims when she had her August 8, 2008 hearing and her employment was then terminated. Further, Plaintiff does not assert any basis to toll the statute of limitations with respect to her claims which arose over 4 ½ years before she initiated this case.

We find that, in screening Plaintiff's Complaint and Amended Complaint, the Court can *sua sponte* dismiss any of Plaintiff's claims which are obviously time barred by the applicable two-year statute of limitations. *See Murray v. DiGuglielmo*, 363 Fed.Appx. 851 (3d Cir. 2010)("A Complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the Complaint is apparent on its face.")(citing *Oshiver v. Levin*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994))*; Barnett v. York County*, Civil No. 11-906, M.D. Pa.(in screening Plaintiff's Complaint under the PLRA, the Court can *sua sponte* dismiss Plaintiff's untimely civil right claims since his allegations make clear that Plaintiff did not file claims within 2-year statute of limitations).

An action filed under *Bivens* allows "a citizen suffering a compensable injury to a constitutionally protected interest [to] invoke the general federal-question jurisdiction of the district court to obtain an award of monetary damages against the responsible federal official." *Butz v. Economou*, 438 U.S. 478, 504, 98 S.Ct. 2894 (1978). A civil rights action filed under *Bivens* is the

federal counterpart to a civil rights action brought under 42 U.S.C. § 1983, and the same legal principles governing a §1983 action apply to a *Bivens* action. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 800 (3d Cir.2001); *Paton v. LaPrade*, 524 F.2d 862, 871 (3d Cir.1975). To state a claim under *Bivens,* Plaintiff must show that the federal official Defendant deprived her of a right secured by the Constitution or laws of the United States. *Brown*, 250 F.3d at 800.

Pursuant to our discussion above, we find that Plaintiff fails to state any cognizable constitutional claims in either of her two pleadings. In fact, as mentioned, in her Doc. 5 Amended Complaint, Plaintiff does not even state that any of her constitutional rights were violated by any federal official.

Insofar as Plaintiff attempts to couch her claims of prohibited employment practices as constitutional claims, seemingly falling under the Fifth Amendment, we find that such constitutional claims may be preempted in this case. Where Congress intends to preclude judicial review of constitutional claims, its intent to do so must be clear. *Elgin v. Dept. of the Treasury,* ___ U.S. ___, 132 S.Ct. 2126, 2132 (2012). Congress created an explicit statutory and comprehensive scheme to address constitutional grievances about conditions of employment for federal employees, which may not include review in the federal district courts for the claims Plaintiff Smith raises.

Plaintiff's exclusive remedy for seeking redress of her alleged constitutional claims may lie within the federal statute under which she is asserting her wrongful termination claim, if it establishes a comprehensive system for reviewing personnel action taken against federal

employees.[6]   *See Elgin*, 132 S.Ct. 2126 at 2130.

Moreover, Plaintiff Smith cannot name a federal agency, such as the DOD and DLA,  as a Defendant in a *Bivens* civil rights action.  *See FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994); *Njos v. BOP*, Civil No. 12-1251, M.D. Pa., January 8, 2013 Memorandum and Order (J. Kosik)(Court dismissed with prejudice Plaintiff inmate's constitutional claims in a *Bivens* action against the BOP).

Additionally, as we advised Plaintiff in our Doc. 4 Memorandum, it is well established that personal liability in a civil rights action cannot be imposed upon an official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976).  We also advised Plaintiff that it is  well-settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a civil rights case and that a complaint must allege such personal involvement. *Sutton v. Rasheed*, 323 F.3d 236, 249-250 (3d Cir. 2003).  Plaintiff does not state any required personal involvement of Defendant Gates in her original Complaint and in her Amended Complaint.

Also, with respect to some types of claims of unfair employment practices, a Plaintiff is required to exhaust his or her administrative remedies before filing suit in federal court. If a Plaintiff fails to exhaust administrative remedies  under some federal statutes for claims alleging prohibited

_____

[6]We note that while the CSRA provides a federal employee with the exclusive remedy for damage claims regarding allegations of constitutional violations arising out of his or her federal employment, this does not apply to an employee's request for injunctive or declaratory relief.  *See Mitchum v. Hurt*, 73 F.3d 30, 36 (3d Cir. 1995).  As indicated above, Plaintiff Smith only seeks damages in this case.

employment practices, the court will dismiss the case for lack of jurisdiction. *See, eg.*, *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 796-97 (3d Cir. 2003); *Hinkel v. England*, 349 F.3d 162, 165-66 (3d Cir. 2003). It is not clear if Plaintiff Smith is trying to raise an employment discrimination claim. To the extent Plaintiff is deemed as raising such a claim, as mentioned, Plaintiff Smith states in her Amended Complaint, that on April 8, 2008, she was advised that she did **not** exhaust her administrative remedies. (Doc. 5, p. 2)(emphasis added).

In *Slater v. Susquehanna County*, 631 F.Supp. 2d 653, 662 (M.D. Pa. 2009) the Court stated:

> Section 704(a) of Title VII provides:
>
> > It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

A Plaintiff asserting an employment discrimination claim under Title VII is required to exhaust all administrative remedies before filing an action in federal court. 42 U.S.C. § 2000e–5(e); *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996); *DeLa Cruz v. Piccari Press,* 521 F.Supp.2d 424, 431 (E.D.Pa. 2007). In order to exhaust administrative remedies, Plaintiff must "file a timely discrimination charge with the EEOC." *DeLa Cruz,* 521 F.Supp.2d at 431 (citing *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984)). Under Title VII, Plaintiff must file her charge of employment discrimination with the EEOC within 180 days of the last claimed act of discrimination. 42 U.S.C. § 20002-5(e)(1); *Oshiver v. Levin,* 38 F.3d 1380, 1385 (3d Cir.1994). After Plaintiff files a

discrimination charge with the EEOC, the EEOC will investigate the charge. Plaintiff must then wait until the EEOC issues a right-to-sue letter before she can file an action in federal court. *Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001). Once the EEOC issues a decision regarding a discrimination complaint, a party is required to file a civil action in federal court within 90 days of the EEOC decision. *McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 357 n. 3 (3d Cir. 2010). In *Murray v. DiGuglielmo*, 363 Fed.Appx. 851 (3d Cir. 2010), the Third Circuit Court stated that "[a] Complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the Complaint is apparent on its face.")(citing *Oshiver v. Levin*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994)).

Based on the above, we find that to the extent Plaintiff Smith is deemed as asserting an employment discrimination claim under Title VII, this claim should be dismissed with prejudice since she was required to exhaust all administrative remedies before filing an action in federal court and since it is apparent on the face of her Amended Complaint that any such claim is now time barred.

Thus, we will recommend that both of Plaintiff Smith's pleadings (Docs. 1 & 5) be dismissed entirely with prejudice insofar as they attempt to raise a federal employment claim and a constitutional claim under *Bivens*. The Third Circuit has held that a Plaintiff who filed an *in forma pauperis* request and whose Complaint fails to state a cognizable claim is entitled to amend her pleading. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002). Thus, if a Complaint is subject to dismissal, the Court must first allow Plaintiff leave to amend unless it finds bad faith, undue delay, prejudice, or futility. *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir.

2004).   We have already directed Plaintiff Smith to file an Amended Complaint and we explained in detail how she should file her amended pleading.  Based on the above discussion, we now find futility and prejudice to Defendants in allowing Plaintiff to file a second amended complaint.

**VI.      Recommendation.**

Based on the foregoing, it is respectfully recommended that Plaintiff Smith's original Complaint and Amended Complaint (**Docs. 1 & 5**) be dismissed entirely with prejudice. It is also recommend that Plaintiff Smith's Motion to proceed *in forma pauperis*  (**Doc. 2**) be granted solely for the purpose of filing this action.[7]

Finally, it is recommended that the Court close this case.


**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**



**Dated: March 28, 2013**

---

[7]Pursuant to our above discussion, we find futility of any further amendment of Plaintiff Smith's claims against Defendants, and we shall not recommend Plaintiff be granted leave to file a second amended pleading with respect to these claims.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MARILYN MARIE SMITH,                :        CIVIL ACTION NO. **1:CV-13-0336**
                                     :
            Plaintiff               :
                                     :        (Judge Conner)
      v.                             :
                                     :        (Magistrate Judge Blewitt)
DEPARTMENT OF DEFENSE, *et al.*,     :
                                     :
                                     :
            Defendants              :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated  **March 28, 2013.**

      Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

>       Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.




s/ Thomas M. Blewitt
THOMAS M. BLEWITT
United States Magistrate Judge


Dated:  March 28, 2013